UNITED STATES DISTRICT COURT
DISTRICT OF MAINE


SCOTT ST. PETER,                )
                                )
        Plaintiff                )
                                )
v.                              )    Civil No. 09-643-B-W
                                )
MICHAEL J. ASTRUE,              )
Commissioner of Social Security, )
                                )
        Defendant                )


# REPORT AND RECOMMENDED DECISION[1]

This claim for Social Security Disability ("SSD") benefits for a closed period has taken a long and circuitous route to this appeal. The plaintiff's first application for these benefits was denied by an administrative law judge on May 18, 2006. Record at 68. The Appeals Council sent the claim back to the administrative law judge on September 1, 2006. *Id*. at 83. A different administrative law judge issued an opinion on April 27, 2007, awarding benefits beginning December 1, 2005, but not before. *Id*. at 31. At the commissioner's request, on May 22, 2008, this court affirmed the post-December 1, 2005 award and remanded the case for further consideration of the claim for the earlier, now closed, period. *Id*. at 544. Now before the court is the plaintiff's appeal from the denial of that claim on August 4, 2009. *Id*. at 542. I recommend that the court vacate the commissioner's decision, in part.

---

[1] This action is properly brought under 42 U.S.C. 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on September 17, 2010, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520, *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the current administrative law judge found, in relevant part, that, with an alleged onset date amended by the plaintiff to August 1, 2002, *id*. at 522, the plaintiff engaged in substantial gainful activity between November 12, 2002, and January 31, 2003, and from March 18, 2003, to May 9, 2003, making him ineligible for benefits before May 9, 2003, Finding 2, *id*. at 525; that, at the relevant time, the plaintiff suffered from a recurrent umbilical hernia, status post multiple surgical repairs, and brachial plexopathy, affecting his non-dominant left upper extremity, impairments that were severe but did not, considered separately or in combination, meet or medically equal the criteria of any of the impairments listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 4-5, *id*. at 530-36; that, at the relevant time, he could lift and carry at least 20 pounds frequently with his right hand and arm and less than 10 pounds with his left hand and arm, he could sit for up to eight hours in an eight-hour workday and stand and walk for six to eight hours in an eight hour workday, he could reach only occasionally with his left arm and hand but could use his left upper extremity occasionally to assist his right upper extremity, and he was capable of using his left upper extremity for frequent handling, Finding 6, *id*. at 536; that the plaintiff's allegations of more severe functional limitations were not fully credible, Finding 7, *id*. at 538; that, at the relevant time, the plaintiff could not return to his past relevant work, Finding 8, *id*. at 540; that, given his date of birth, high school education, and residual functional capacity ("RFC") at the relevant time, the plaintiff was capable of performing certain unskilled jobs that existed in significant numbers in the national economy, Findings 9-11, *id*.; and that he, therefore, was not under a disability, as that term is defined in the Social Security Act, at any time during the alleged closed period, Finding 12, *id*. at 541. The Appeals Council

declined to review the decision, *id*. at 512-14, making it the final determination of the commissioner, 20 C.F.R. § 404.981, *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 405.101 (incorporating 20 C.F.R. §§ 404.1520(g), 416.920(g)); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The appeal also implicates Step 1 of the sequential evaluation process. At Step 1, the plaintiff bears the burden of proving that he did not engage in substantial gainful activity ("SGA") during the period of alleged disability. *Bell v. Commissioner of Soc. Sec.*, 105 F.3d 244, 246 (6th Cir. 1996); *see also Field v. Chater*, 920 F. Supp. 240, 241 (D. Me. 1995), *called into doubt on other grounds*, *Seavey v. Barnhart*, 275 F.3d 1 (1st Cir. 2001). Work is considered "substantial" if it "involves doing significant physical or mental activities." 20 C.F.R. §§ 404.1572(a), 416.972(a). "Work activity is gainful if it is the kind of work usually done for

pay or profit, whether or not a profit is realized." 20 C.F.R. §§ 404.1572(b), 416.972(b). If a claimant is able to work at SGA level, the commissioner will find that he is not disabled. 20 C.F.R. §§ 404.1572, 416.972.

**Discussion**

**A. Step 1**

The plaintiff argues that the work in 2002 and 2003 which the administrative law judge deemed to be SGA, thus making him unqualified for benefits during that period, was in fact two unsuccessful work attempts as defined in Social Security regulations. Plaintiff's Itemized Statement of Errors ("Itemized Statement") (Docket No. 12) at 7-10.[2] The administrative law judge devoted more than five single-spaced pages of his decision to this issue. Record at 525-30.

The plaintiff worked for Kevlaur Industries from November 12, 2002, to January 31, 2003, a period of 2.5 months, after which he was laid off "due to lack of work," and from March 18, 2003, to May 9, 2003, a period of almost three months, after which he was "laid off due to plant shutdown." Record at 172. To constitute an unsuccessful work attempt, a job that has lasted more than three months "must have ended or have been reduced to the non-SGA level within 6 months due to [a claimant's] impairment or to the removal of special conditions . . . related to [the claimant's] impairment that are essential to [his or her] further performance of work[.]" Social Security Ruling 05-02 at 313. In addition, a claimant must have "had frequent

---

[2] Counsel for the plaintiff contended at oral argument, and in writing, Itemized Statement at 7, that the prior Appeals Council decision . . . specifically rejected the work at Kevla[u]r Industries as past relevant work[,]" and that the Appeals Council remand order barred the administrative law judge from considering whether his work at Kevlaur was past relevant work. The page of the record cited in the itemized statement in support of this argument is not part of any Appeals Council decision, but rather a page of a previous administrative law judge opinion that is no longer at issue in this case. Record at 20. In the opinion at issue in this appeal, the administrative law judge did not find that the plaintiff's work at Kevlaur was past relevant work, a Step 4 issue. *Id*. at 540. If counsel meant to contend that the administrative law judge was barred from considering whether the Kevlaur work was SGA or an unsuccessful work attempt, at Step 1, the operative order of remand, *id*. at 557-59, dated July 1, 2008, cannot be read to preclude such consideration. If the plaintiff does mean to rely on the earlier order of remand, dated September 1, 2006, *id*. at 85-86, that order also cannot reasonably be read to preclude consideration of the Step 1 issue, and, even if it could be so read, the time for the plaintiff to object to a failure to follow that remand order has long since passed.

absences from [his or her] work due to [his or her] impairment[,]" his or her "work must have been unsatisfactory due to [his or her] impairment[,]" his or her "work must have been done during a period of temporary remission of [his or her] impairment[,]" or his or her "work must have been done under special conditions." *Id*.

The plaintiff contends that his work for Kevlaur was performed under special accommodations because he was allowed to "nod off" at his desk for several hours a day. Itemized Statement at 8. Here, the only evidence is that anyone who held this job, whether disabled or not, would have been allowed to "nod off" during the many hours each day when no trucks were arriving at the site and there was nothing for the employee to do. From all that appears, it was this employee's job to be present when and if trucks arrived, at which time he would complete the necessary paperwork. There is no suggestion in the evidence that the employer "allowed" the plaintiff to "nod off" but would not have allowed anyone without the plaintiff's mental or physical impairments who might have held that job to do the same. There were no special accommodations to allow the plaintiff to perform this job. *See* 20 C.F.R. § 404.1573(c).

Nor is there any evidence that the plaintiff was frequently absent from this job, that his work was unsatisfactory, or that it was performed during a period of temporary remission of any or all of his alleged impairments. Nor did the job end due to any of the plaintiff's alleged impairments or the removal of any special conditions. The job ended because the plant had closed and the "clean up" operations, which included the plaintiff's job, came to an end. For all of these reasons, this was not an unsuccessful work attempt.

It is true, at the plaintiff asserts, that this work was performed in two distinct periods, each less than three months in duration, separated by a break of approximately six weeks.

5

Itemized Statement at 9.  But duration is only one part of the test for an unsuccessful work attempt, and the plaintiff has not provided evidence to meet any of the additional, alternate requirements, as discussed above.  Contrary to the plaintiff's argument, *id*. at 10, the administrative law judge was not required to seek additional information from the employer on this issue, because the plaintiff had already provided all of the information necessary to support the administrative law judge's conclusions.  Nor could any physician or medical source say that the job ended "due to" any of the plaintiff's impairments, when the job was clearly intended to end, as it did, when all of the materials had been trucked away from the closed plant.

The plaintiff has not demonstrated any error in the administrative law judge's Step 1 finding.  Accordingly, he is limited to a possible recovery for the period between May 9, 2003, the day his job with Kevlaur ended, and December 31, 2005, when his insured status ended.

### B.  Step 5

#### 1.  The Hypothetical Question

The plaintiff contends that the hypothetical question posed to the vocational expert by the administrative law judge was fatally flawed because it included lifting and reaching restrictions less favorable than those found by Dr. Phelps.  *Id*. at 3-4.  Specifically, the hypothetical question included the following limitations challenged by the plaintiff:  "can lift and carry at least 20 pounds occasionally and 10 pounds frequently with his right hand and arm.  Able to lift and carry less than 10 pounds with his left arm and hand. . . . Capable of only occasional reaching with the nondominant left arm and hand. . . .  Occasional use of the left upper to assist the right upper[.] [P]reclude pretty much any reaching activity with the left."  Record at 614-15.

The plaintiff argues that these limitations diverge impermissibly from those found by Dr. Robert N. Phelps, Jr., a physician who examined the plaintiff and reviewed his medical records

at the request of the plaintiff's attorney. *Id*. at 279. Dr. Phelps found that the plaintiff could lift and carry only 10 pounds frequently on the right. *Id*. at 293. He also found that "reaching is totally impaired on the left[.]" *Id*. This amendment to the hypothetical question, before the vocational expert answered, brings the hypothetical question into concert with Dr. Phelps's limitations, and I, therefore, reject the plaintiff's contention that the question diverged from Dr. Phelps's construct "in two critical respects." Itemized Statement at 4. I will address the single difference only.

The administrative law judge said that Dr. Phelps's report was "[g]iv[en] the greatest evidentiary weight[.]" Record at 537. But, he did not mention that fact that Dr. Phelps had limited the plaintiff's lifting and carrying with his right arm and hand to "10 pounds frequently," while his hypothetical question used a limit of 20 pounds for this extremity. This difference is critical because, as stated by the administrative law judge, it places the plaintiff in the light exertional category, while, as stated by Dr. Phelps, the plaintiff is in the sedentary exertional category.[3] The jobs identified by the vocational expert in response to the hypothetical question that were cited by the administrative law judge in his opinion, *id*. at 541, were all categorized by the Dictionary of Occupational Titles as light. The lifting and carrying requirements of these jobs were not discussed by the vocational expert. *Id*. at 616-23.[4] This error in the decision requires yet another remand.

---

[3] If the plaintiff means to contend that, whenever a claimant is assigned differing exertional capacities for his or her left and right arms, only jobs in the lower capacities may be considered as available, he is incorrect. *See, e.g., Mendoza v. Astrue*, No. 3:09CV0013, 2009 WL 5062103, at *2 (S.D. Ohio Dec. 15, 2009) (vocational expert testified that lesser lifting capacity for right arm would reduce both light and sedentary jobs).

[4] The plaintiff argues that a vocational expert may not testify that a particular unskilled light job may be accomplished with reaching limited to a single arm because Social Security Rulings 83-10, 83-14, and 85-15 describe light jobs, unskilled jobs, and "almost all jobs" as requiring use of the hands to grasp, handle, and/or reach. Itemized Statement at 6. None of these authorities imposes such a requirement, which would in practical effect remove the vocational expert as a source of job-specific information in the hearing process.

## 2. Weight Assigned to Dr. Nesin's Opinions

The plaintiff argues that the administrative law judge failed to provide any reason for rejecting the opinion of Dr. Noah Nesin, his treating family practice physician, to the effect that the plaintiff was restricted to lifting less than 10 pounds occasionally and occasional reaching and handling. Itemized Statement at 6. However, Dr. Nesin's most recent opinion before the hearing was that the plaintiff was limited to lifting and carrying less than 10 pounds with his left arm, Record at 597, which is fully consistent with the RFC assigned by the administrative law judge. *Id*. at 536. Further, Dr. Nesin's limitations on reaching and handling (occasionally) are again specific to the left arm, *id*. at 599, which again is consistent with the administrative law judge's RFC, *id*. at 536. The plaintiff takes nothing by this argument.

## Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case remanded for further proceedings, but only as to the period between May 9, 2003 and December 31, 2005.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 31st day of October, 2010.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge